[Crim. No. 1129. Third Appellate District.—August 12, 1930.]

THE PEOPLE, Respondent, v. EMILIO CICCHITTI, Appellant.

Edward Bickmore for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THOMPSON (R. L.), J.—The defendant was convicted of grand theft. The offense was accomplished by procuring one Joe Chettero, by means of fraud, to sign a note for $3,379.80 with the defendant as co-maker thereof. The prosecuting witness, Chettero, was unable to read or write beyond the ability to sign his own name. The defendant falsely represented that he wanted to secure an indorsement of his reputation for the purpose of establishing a business at Los Banos. He said: "It won't hurt you to sign this paper, it don't mean nothing, it is a matter of reference," or "It is for a recommendation." The note was thereupon signed by Chettero on the face thereof as a co-maker. He could not read the document. He did not know it was a note and he signed it believing that it was a mere indorsement of the reputation of the defendant. The note was executed and delivered to Frederick Vincent & Company, the payee thereof, at San Francisco, as payment of indebtedness due from the defendant. At the time the defendant signed this note in the office of Mr. Vincent, the attorney for said payee, he volunteered to secure "two . . . financially

responsible comakers on the note." Chettero did not learn that he had been deceived into signing a promissory note until he was subsequently notified by the holder thereof. Suit was commenced against the makers of the note for collection and the defendant was then arrested and convicted of grand theft.

The evidence as to the fraudulent representations was conflicting. The appellant concedes that the evidence is sufficient upon which to support the judgment, but asserts that the court erred in refusing to instruct the jury, at his request, to the effect that "a surety on a note is not a comaker" and that an original maker of a note only is primarily bound to pay the obligation; that the court further erred in refusing to instruct the jury that they could not convict the defendant unless they found that he falsely procured the signature of Chettero by representing to him that the instrument which he signed "was only a reference as to the reputation of the defendant." It is also contended that the court erroneously curtailed the cross-examination of certain witnesses.

The defendant was charged with grand theft under section 484 of the Penal Code, as amended in 1927 [Stats. 1927, p. 1046]. Parts of sections 484, 487 and 492 of the Penal Code were read to the jury, as follows: "Every person who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor, or real or personal property, is guilty of theft." And, "Grand theft is committed in any of the following cases: 1. When the money, labor, real or personal property taken, is of a value exceeding $200.00." And further: "If the thing stolen consists of any evidence of debt, or other written instrument, the amount of money due thereupon, or secured to be paid thereby, and remaining unsatisfied, or which *in any contingency* might be collected thereon, or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, is the value of the thing stolen."

Refusing to give the first instruction complained of respecting the distinction between a maker and a surety on a note was immaterial and therefore not prejudicial. The crime of grand theft was accomplished whether Chettero

signed the note as a maker or as a mere surety, provided his signature was fraudulently procured. Section 3098 of the Civil Code, subdivision 7, provides: ''Where an instrument containing the words 'I promise to pay' is signed by two or more persons, they are deemed to be jointly and severally liable thereon.''

The last instruction complained of was sufficiently covered by other instructions which were given to the jury. It assumed that the only fraudulent representation of the defendant upon which the prosecution relied was an alleged statement that the instrument which was signed was ''only a reference as to the reputation of the defendant.'' This is true. No other fraudulent statement was testified to or relied upon by the prosecution. The jury, therefore, could not have been misled as to what false statement was deemed to be criminally fraudulent. And the jury was specifically instructed that the following elements must exist to constitute grand theft, to wit: ''1. There must be an intent to defraud, 2. There must be actual fraud committed, 3. False pretenses must be used for the purpose of perpetrating the fraud, and, 4. The fraud must be accomplished by means of false pretenses made use of for the purpose . . . '' The omitted instruction was proper and may well have been given, but its refusal was not prejudicial under the state of the record.

Nor do we think the curtailing of the cross-examination of witnesses complained of was prejudicial error. The conduct of Palermo, who was also a co-maker of the note in question, with respect to a requested explanation of why he had not instituted a civil action to cancel his obligation on the note was too remote. Such testimony was competent only as addressed to his credibility. The exclusion of this evidence was within the discretion of the court and not prejudicial. Nor do we think the sustaining of the objections to the cross-examination of Miss Hayes was prejudicial.

The judgment and the order are affirmed.

Finch, P. J., concurred.